CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
OCT 0 5 2005
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| MARY A. GILMORE, | CASE NO. 4:05CV00004 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| JO ANNE B. BARNHART, Commissioner of Social Security, | By: B. Waugh Crigler U. S. Magistrate Judge |
| Defendant. | |

This is the second time the plaintiff has challenged a final decision of the Commissioner which denied her claim for a period of disability and disability insurance benefits under the Social Security Act (Act), as amended, 42 U.S.C.§§ 416, 423 and 1381 *et seq.*, and this challenge is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render a report to the presiding District Judge setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will recommend that an order enter REVERSING the Commissioner's final decision, GRANTING judgment to the plaintiff and RECOMMITTING the case for the calculation and payment of benefits.

On December 14, 2001, plaintiff filed concurrent claims for Title II and Title XVI benefits, alleging July 17, 2001 as the date of disability onset due to osteoaritis and an affective disorder. (R. 317.) These claims were denied by an Administrative Law Judge (Law Judge) on April 23, 2003, which decision was adopted by the Appeals Council as a final agency decision on May 30, 2003. (*Id.*)

Plaintiff sought review in the Western District of Virginia, and on December 11, 2003, the Hon. Glen E. Conrad, United States District Judge, remanded the case under sentence four of 42 U.S.C. § 405(g) for further proceedings with instructions regarding any subsequent determination at the past relevant work level of the sequential evaluation. (R. 316, 337-343.) Of importance to proceedings upon remand, Judge Conrad noted that the evidence in the then extant record revealed that all of plaintiff's past relevant work required her to lift up to 50 pounds, but that there was no evidence concerning limitations on her prior work as a machine operator. Judge Conrad directed that, if the Commissioner did not grant benefits to the plaintiff upon remand, she was to "determine precisely which pertinent activities" were required by her past relevant work and which activities she remained capable of performing. (Mem. Op. at 4, R. 342.)

The Appeals Council then remanded the case to the same Law Judge who conducted supplemental evidentiary proceedings. In his August 21, 2004 decision, again adopted as a final agency decision, the Law Judge determined that plaintiff's past relevant work included jobs as a cook/cashier which did not require her to perform work-related activities beyond her residual functional capacity. (R. 326, 327-328.) This decision was based, in large measure, on a portion of the evidence offered by a vocational expert (VE) where the VE observed that, according to the *Dictionary of Occupational Titles,* the "positions of cook and cashier in the fast food (sic) are unskilled and light." (R. 407.)

Nevertheless, the Law Judge did not stop the sequential inquiry at that point in the process. He went further to find that, under the Medical-Vocational Guidelines ("grids"), 20 C.F.R. §§ 404.1569 and 416.969, Appendix 2, Rule 202.20, "the claimant is able to perform other light work such as fast food worker including cashier, sales clerk and cleaner." (R. 328.) Having made that determination, the Law Judge concluded that plaintiff was not disabled under the Act. (*Id.*) The Council denied review. (R. 309-311.) This action ensued.

2

The plaintiff's chief complaint on judicial review is that the Commissioner did not follow Judge Conrad's mandate set forth in his order remanding the case for further proceeding. Pl.'s Memorandum at 29-31. Included in this complaint is plaintiff's assertion that the Law Judge did not consider plaintiff's pertinent duties in assessing her past relevant work and her residual functional capacity (RFC). *Id* at 30. In addition, plaintiff contends that the Law Judge failed to give proper credit to her complaints about pain and its limitations and further failed to include all of plaintiff's limitations in determining her residual functional capacity (RFC). *Id.* at 31-39.

It is apparent on the face of the record that, on the second time around, the Law Judge found plaintiff's past relevant work more expansive than he did in the decision that was reviewed by Judge Conrad. In addition to finding that plaintiff's past work was in the medium exertional category and involved activities around moving machinery, this time, he concluded her past relevant work also included that as a cook/cashier which were light, unskilled jobs. This certainly changed the entire focus of the inquiry from where it had been when Judge Conrad reviewed the case in that it presented new lines of questions relevant to whether plaintiff was able to perform her past relevant work.

One of those lines involved the duties of a cook/cashier in the fast food industry, a subject addressed by the VE who testified at the July 27, 2004 hearing. In that connection, the VE was asked to define some of the duties of that position and did so both as performed and as set forth in the DOT. (R. 408-409.) Even though the undersigned would not have come to the same conclusion reached by the Law Judge concerning the VE's evidence, the Commissioner's regulations certainly permit a determination of a claimant's past work to be premised either on the duties performed or upon those recognized by the DOT. In the ordinary case, under 20 C.F.R. §§ 404.1560(b)(2) and 416.960(b)(2), the Commissioner may rely on evidence concerning whether the claimant can perform his/her past work, "either as the claimant actually performed it or as generally performed in the national economy."

3

This is not the ordinary case, however, because the presiding court's Memorandum Opinion supporting his remand order required the Commissioner to consider the limitations on plaintiff's ability to work around moving machinery. (R. 342.) In his latest decision, the Law Judge acknowledged that plaintiff suffered a moderate limitation on her ability to be around machinery and unprotected heights. (R. 326.) However, while the Law Judge asked the VE to consider certain of plaintiff's limitations, he never asked the VE to consider whether plaintiff's past work would be available to a person, like the plaintiff, who also suffered moderate limitations on her ability to work around machinery. (R. 409-411.) Assuming the Law Judge entertained vocational testimony relating to plaintiff's past relevant work in a manner permitted by the regulations, it still is difficult for the undersigned to see from the record before the court that the Law Judge, and then the Commissioner, followed the court's remand mandate.

This is particularly true since the examination of the VE failed to address the issue which concerned the court, and took on the appearance more like an examination at the final sequential level than at the penultimate level. In that connection, the undersigned observes that during the course of his questioning the VE, the Law Judge asked whether, with the limitations he hypothesized, there were any "prior" jobs, "or any jobs in the national economy" which were available to her. (R. 409.) His inquiry was not limited to plaintiff's past relevant work and appears to have broadened to any alternate gainful activity which is the very inquiry to address at the final level of the sequential analysis.

The Law Judge's curious resort to the grids in support of his finding that plaintiff was not disabled serves only to raise more questions about where in the sequential evaluation the case ultimately was decided. Again, in the ordinary case, by turning to the grids in the decision-making process, the Law Judge would be signaling that plaintiff proved she was unable to perform her past relevant work, and that the process had reached the final sequential level which permits reference to

4

the kind of vocational evidence found in the grids or in the testimony of a VE. 20 C.F.R. §§ 404.1569 and 416.969, Appendix 2; *Hall v. Harris*, 658 F.2d 260 (4th Cir. 1981). When resort to the grids is coupled with a line of questions to and answers from a VE which look very similar to those used at the final level of the process, every appearance is given that the Law Judge may have homogenized the inquiry at the final two levels of the sequential evaluation without resolving the very questions posed by the court's prior remand and without presenting for the VE's consideration an account of all the limitations shown by the substantial evidence which may bear on the availability of work to a person like the plaintiff. *See Walker v. Bowen*, 889 F. 2d 47 (4th Cir. 1989).

The answer, therefore, to plaintiff's charge that the Law Judge, and subsequently the Commissioner, did not answer the question posed in the Judge Conrad's mandate is "Yes, that is true, but----." The first "but" is that the Law Judge expanded the Commissioner's consideration of plaintiff's past relevant work to include a range of light work which the Law Judge found plaintiff able to perform by what ordinarily would be an appropriate reference to the DOT.

The second "but" is that even the reference to the DOT did not account for limitations identified by Judge Conrad which the Law Judge, himself, found plaintiff to suffer. The final "but" is that the Law Judge proceeded with an inquiry of the VE and referred to the grids in a manner which so closely approximates the inquiry involved in the final sequential level that it would be reasonable to conclude the Law Judge homogenized the fourth and fifth steps of the evaluation. As a result, the Law Judge neither complied with the intent of Judge Conrad's remand nor gave full and fair treatment to the claim under the Commissioner's own regulations.

By no means does the undersigned suggest that the plaintiff would be relieved of her burden in the sequential evaluation to prove her inability to perform her past relevant work. However, the claim was adjudicated at the administrative level the second time around in somewhat of an unusual

way. Not only does it appear that the Law Judge either ignored or disregarded the former presiding court's specific remand instructions, he took action which reasonably signaled he had proceeded to the final level of the sequential evaluation while not directly doing so. Having been given the opportunity to but failing both to follow the court's remand instructions and to adjudicate the claim in a manner consistent with the Commissioner's own sequential process, the undersigned sees no reason to remand the case for further proceedings. For these reasons, the undersigned RECOMMENDS that an order enter REVERSING the Commissioner's final decision, GRANTING judgment to the plaintiff and RECOMMITTING the case solely for the calculation and payment of benefits.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ _____
U.S. Magistrate Judge

10/5/05
Date