IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| MARY A. GILMORE, | ) |
| | ) Case No. 4:05CV00004 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) By: Jackson L. Kiser |
| | ) Senior United States District Judge |
| Defendant. | ) |

Before me is the Report and Recommendation ("Report") of the United States Magistrate Judge recommending reversing the Commissioner of Social Security's ("Commissioner") final decision denying Mary A. Gilmore's ("Plaintiff's") claim for benefits. The Commissioner filed objections to the Report. I reviewed the Magistrate Judge's Report, the Commissioner's objections, and relevant portions of the Record. The matter is now ripe for decision. For the reasons stated below, I **REJECT IN PART** the Magistrate Judge's Report and **SUSTAIN IN PART** the Commissioner's objections. The Commissioner's final decision denying Plaintiff's claim for benefits is **REVERSED**, and the case is hereby **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

I.    STATEMENT OF FACTS

Plaintiff is 39 years old and has the equivalent of a high school education. She has previously worked as a machine operator in a yarn factory and as a cashier in a fast-food

1

restaurant. Plaintiff filed her disability claims under Title II and Title XVI, alleging that she became disabled as of July 17, 2001 due to osteoaritis and an affective disorder. The administrative law judge (ALJ) denied Plaintiff's claims on April 23, 2003 and that decision was adopted by the Appeals Council on May 20, 2003 as the Agency's final decision. On December 11, 2003, United States District Judge Glen E. Conrad remanded the case because "the disability decision at step four [of 42 U.S.C. § 405(g)] is not supported by substantial evidence." *Gilmore v. Commissioner*, No. 03-62, slip op. at 5 (W.D.Va. Dec. 11, 2003) (hereinafter, Conrad Opinion). Judge Conrad specifically instructed that the case be remanded "for further consideration in accordance with this opinion." *Id*. Step four of the sequential disability proceedings is an inquiry into whether the plaintiff can perform her past relevant work. *See*, 20 C.F.R. § 404.1520 (2005).

Upon Judge Conrad's ruling, the case was remanded to the same ALJ for supplemental evidentiary proceedings. After this proceeding, which included testimony from Plaintiff and a vocational expert (VE), the ALJ again denied benefits on August 21, 2004. His decision was again adopted as a final Agency decision. The Plaintiff timely filed an appeal to this Court and the Magistrate Judge filed a Report recommending reversal of the Commissioner's decision and to grant Plaintiff benefits because the ALJ "fail[ed] both to follow [Judge Conrad's] remand instructions and to adjudicate the claim in a manner consistent with the Commissioner's own sequential process." (Report at 6).

## II.    STANDARD OF REVIEW

Congress has limited judicial review of decisions by the Social Security Commissioner. I

2

am required to uphold the decision where: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. 42 U.S.C. § 405(g); *see also Craig v. Chater,* 76 F.3d 585 (4th Cir. 1996). The Fourth Circuit has long defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In other words, the substantial evidence standard is satisfied by providing more than a scintilla but less than a preponderance of the evidence. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is charged with evaluating the medical evidence, assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527-404.1545; *Hays v. Sullivan*, 907 F.2d 1453 (1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). Ordinarily, the Regulations grant the Commissioner latitude in resolving factual inconsistencies and I may only review the ALJ's factual determinations for clear error. 20 C.F.R. §§ 404.1527 and 416.927. This rule of law, however, is less instructive in the present case because of Judge Conrad's opinion which specifically delineated the specific issues that the ALJ was to consider upon remand. Therefore, while the Commissioner retained latitude in resolving the factual inconsistencies upon remand, the scope of his inquiry was considerably narrowed by Judge Conrad's directive.

Lastly, "an award of benefits is appropriate only if all factual issues have been resolved and the record supports a finding of disability." *Briscoe ex. rel. Taylor v. Barnhart*, 425 F.3d 345, 356 (7th Cir. 2005). 42 U.S.C. § 423(a)(1)(E) clearly states that benefits may only be granted if the plaintiff is "under a disability." It is axiomatic that if the ALJ has failed to fully

3

resolve the issue of the plaintiff's disability, benefits cannot be granted.

### III.  THE MAGISTRATE'S REPORT AND RECOMMENDATION

The Magistrate Judge found good cause in the Record to reverse the Commissioner's final decision and to award Plaintiff benefits.  However, the Magistrate Judge's finding of good cause was not, as is usually the case, based on either a factual or legal disagreement with the ALJ.  Instead, the Magistrate Judge recommended reversing the Commissioner's final decision because the ALJ "neither complied with the intent of Judge Conrad's remand nor gave full and fair treatment to the claim under the Commissioner's own regulations."  (Report at 5).  I agree with the Magistrate Judge.

In his original opinion in this case, Judge Conrad held that the ALJ had failed "to identify the relevant activities required for plaintiff's past relevant work and [failed] to relate plaintiff's residual functional capacity to the requirements of plaintiff's past work."  *Conrad Opinion*, at 4-5.  Specifically, Judge Conrad found that, as concerns her machine operator positions, "there is no evidence regarding whether plaintiff worked around moving machinery." *Id*., at 4.  As Judge Conrad correctly observed, these evidentiary failures by the ALJ made it impossible for the ALJ to "determine precisely which pertinent activities are required for the claimant's past relevant work and the activities that the claimant is capable of performing." *Id*. (*citing Parsons v. Apfel*, 101 F.Supp. 2d 357, 362 (D. Md. 2000)).

The ALJ failed to fully address the issues raised in Judge Conrad's opinion at the supplementary evidentiary hearing following the remand.  Instead of answering the questions raised by Judge Conrad, the ALJ actually expanded the inquiry into Plaintiff's past relevant work

4

without accounting for the limitation of working around moving machinery that the ALJ had previously found Plaintiff to suffer and that Judge Conrad had ordered to be explored on remand. This is apparent from the line of questioning - or lack thereof - between the ALJ and the VE. The ALJ opened a completely new line of questioning by asking the VE about Plaintiff's light/unskilled work as a fast-food restaurant cashier. However, the ALJ did not once ask the VE if Plaintiff's limitation in working around moving machinery would foreclose this former employment option to Plaintiff. Nor was such inquiry made in regards to Plaintiff's past work as a yarn cutter. As such, the ALJ again failed to relate Plaintiff's residual functional capacity to the requirements of her past work.

In her Objection to the Magistrate Judge's Report, the Commissioner argues that the ALJ properly conducted a supplemental hearing and issued a new decision based on the additional testimony and the evidence in the Record. While this statement is obviously correct, the ALJ was instructed to do more than simply conduct another hearing. The ALJ was instructed to conduct another hearing to be performed *in accordance with* Judge Conrad's opinion. This, the ALJ failed to do. The ALJ's ultimate conclusions and findings were therefore incomplete.

While I agree with the Magistrate Judge that the ALJ did not comply with Judge Conrad's remand instructions, I cannot agree with the Magistrate Judge's recommended remedy of awarding benefits to Plaintiff. 42 U.S.C. § 423 clearly states that benefits may only be awarded to a claimant who proves her disability through the five-step process discussed above. The fact that the ALJ did not comply with Judge Conrad's directive is not a sufficient basis to award disability benefits. Thus, further proceedings are necessary to answer the still unresolved factual questions raised by Judge Conrad over two years ago. I will remind the Commissioner

5

that though benefits may not be awarded absent a finding of disability, this Court is not without remedies to deal with future obduracy by the ALJ or the Agency. Should another evidentiary hearing fail to fully resolve the questions raised by Judge Conrad, I will give great consideration to holding the responsible parties in contempt.

## IV. CONCLUSION

For reasons stated herein, I **REJECT IN PART** the Magistrate Judge's Report and **SUSTAIN IN PART** the Commissioner's objections. The Commissioner's final decision denying the Plaintiff's claim for benefits is **REVERSED**, and the case is hereby **REMANDED** for further consideration in accordance with this opinion and Judge Conrad's opinion**.**

Entered this 20th day of January, 2006.

s/Jackson L. Kiser
Senior United States District Judge